WILLIAM TWEEDIE v. P. E. OLSON HARDWARE & FURNITURE COMPANY and Another.[1]

November 17, 1905.

Nos. 14,534—(95).

**Option to Renew Lease.**

The owner of certain premises leased the same to two tenants as joint lessees for a definite period, with the privilege of an additional term. *Held*, it was necessary for both tenants to exercise the option to continue the lease upon the expiration of the original term, but such intention might be expressed jointly or independently, or by remaining in possession; but, when one of the joint tenants expressly informed the owner that he refused to extend the lease jointly with his cotenant, such cotenant having notice thereof, and the owner having acted upon such declaration, and within a reasonable time thereafter having brought an action for possession of the premises, he was entitled to recover, although the other tenant had served notice that he would remain under the terms of the lease.

Action for unlawful detainer in the municipal court of Minneapolis. The case was tried before Waite, J., and a jury, which rendered a verdict in favor of defendants. From a judgment entered pursuant to the verdict, plaintiff appealed. Reversed and new trial granted.

*C. D. Gould,* for appellant.

*Gjertsen & Lund,* for respondents.

LEWIS, J.

Prior to May 7, 1902, the P. E. Olson Hardware & Furniture Company and Oscar L. Pherson, engaged in the furniture business, agreed to rent from plaintiff, a certain building in which to conduct their business, agreeing to divide the floor space between them, and P. E. Olson, president of the Olson Company, was authorized to secure a lease of the premises. He secured the lease for a period of three years from May 7, 1902, with the privilege of two years additional, at the annual rental of $1,500, to be paid monthly at the rate of $125, but caused the name of the P. E. Olson Hardware & Furniture Company only to appear as lessee, leaving out the name of Mr. Pherson. Pursuant to this

[1] Reported in 104 N. W. 895; 1089.

lease the parties occupied the premises, and, some trouble having arisen between them as to their respective rights, the Olson Company brought an action against Pherson in the municipal court of Minneapolis to oust him from possession; and Pherson retaliated by commencing suit in the district court, and had the lease reformed so as to show that he was a joint lessee with the Olson Company, and enjoined the municipal court from interfering with his possession. After the determination of that action the parties continued to occupy the premises until the expiration of the three years, and for three days thereafter, when plaintiff brought this action in the municipal court at Minneapolis, in forcible entry and detainer, and the question at issue was whether or not defendants were unlawfully holding the premises. The court submitted the matter to the jury, and a verdict was returned in favor of the defendants.

At the trial plaintiff testified that in December, 1904, he stated to Mr. Olson that, if the two parties would get along and rent the premises jointly, the option to renew would be recognized, but that he would not rent to either of them separately. Mr. Olson answered that he would not rent in connection with Pherson, and that the Olson Company did not wish to renew the lease with Pherson. It is stated that this conversation took place in the presence of Pherson, and that he knew the Olson Company's attitude on that subject. Mr. Olson denied that he had agreed with plaintiff to rent the building for his company, but admitted that he made an affidavit in the preceding suit, in which he stated he would not join with Pherson, but was ready and willing himself to pay the rent of the whole premises and secure payment of the rent for the additional term of two years. Pherson, however, served notice upon plaintiff some time in January, 1905, that he elected to avail himself of the privilege of renting the premises for the ensuing two years upon the terms and conditions of the lease.

The court submitted to the jury, as a question of fact, whether or not defendants had exercised the option to rent the premises for the ensuing two years from May 7, 1905, and instructed the jury that the lease was a joint one, and that neither of the tenants could bind the other by an exercise of the option to continue the lease; that in expressing their intention to exercise such option it was not necessary that they act jointly, but it was sufficient if each of the parties, either

expressly or impliedly by conduct, expressed an intention. There was no dispute as to the position taken by Pherson. He had already manifested his intention, in January, 1905, to exercise the option to remain, and had followed it up, not only by remaining in possession after May 7, 1905, but in making a tender of the entire amount of the ensuing monthly payment of $125. The question narrowed down to whether the jury were justified in concluding, from its conduct in remaining in possession, that the Olson Company had expressed an intention to renew the lease, notwithstanding the fact that it had previously declared, through its manager, that it would not renew the lease jointly with Pherson.

If it conclusively appears from the declarations and conduct of the parties that there was no intention on the part of the Olson Company to exercise its option to renew the lease, as well as no intention on the part of plaintiff to recognize the occupancy of the Olson Company for the period of three days as an election to lease, plaintiff was entitled to a verdict. A different question would arise, had plaintiff elected to hold the Olson Company for the additional term. But here plaintiff took the company at its word, and acted accordingly with all reasonable speed to get possession. Neither of the parties did a thing or made any declarations, up to May 7, 1905, inconsistent with their previous attitude, and there was no change of mind down to that time. The complaint in this action was subscribed and sworn to on May 10, 1905, and filed in the office of the city clerk May 12, upon which date the writ was issued and served. From this it cannot be spelled out that plaintiff in any way recognized the continued occupancy of the premises by the Olson Company as an election under the lease. Upon the expiration of the three-year period plaintiff was entitled to immediate notice that it was the intention of the tenants to renew the lease, and, in the case of a declaration on the part of the Olson Company that they did not propose so to do, plaintiff cannot be held to have acquiesced in such election simply because he allowed the company to occupy the premises for three days before commencing action. The company's answer in this case expressly denied that it would continue the lease in conjunction with Pherson. Plaintiff was justified in taking the company at its word, and in demanding and regaining possession of the premises. The fact that the two tenants may have had trouble

and did not get along well, and that one had hoped to secure the lease alone and independent of the other, has nothing to do with the issue in this case; and, so far as Pherson is concerned, it is his misfortune that he could not secure the co-operation of the joint lessee, and his election to remain did not bind the company, in view of its open and specific declaration to the contrary. The motion for judgment notwithstanding the verdict should have been granted.

Judgment reversed and judgment ordered for appellant.

On December 8, 1905, the following order was filed:

PER CURIAM.

Ordered, that the application for reargument herein be denied, and that the order for judgment heretofore entered be modified to read as follows: "The judgment appealed from is reversed, and a new trial granted."

Reversed and new trial granted.