WILLIAM TWEEDIE v. P. E. OLSON HARDWARE & FURNITURE
COMPANY and Another.[1]

April 27, 1906.

Nos. 14,746—(120).

**Renewal of Lease.**

Former decision, 96 Minn. 238, adhered to, and *held*, that it was necessary for both tenants to exercise the option to continue the lease upon the expiration of the original term. The evidence was sufficient to sustain the finding of the jury for respondents, and the trial court did not commit error in instructing the jury to determine from the evidence whether one of the joint tenants acted in good faith in giving notice to the owner that it would not exercise the option to renew the lease, nor in instructing the jury to determine whether or not the rent paid subsequent to the commencement of the action was paid and received with the intention of recognizing the existence of the lease.

Action of unlawful detainer in the municipal court of Minneapolis to recover possession of premises alleged to be held over by defendants after the termination of their joint lease and failure to renew the same. The case was tried before Waite, J., and a jury, which rendered a verdict of not guilty. From a judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*C. D. Gould,* for appellant.

*John P. Galbraith* and *Gjertsen & Lund,* for respondents.

LEWIS, J.

Upon a former appeal of this action (96 Minn. 238, 104 N. W. 895) we at first directed judgment to be entered for appellant upon the ground that it conclusively appeared from the evidence that both of the joint tenants did not exercise the option to renew the lease, and upon application for reargument the order was modified and a new trial granted.

After that decision respondent Pherson amended his answer by alleging that since the commencement of the action appellant had received and accepted from him one-half of the rent due under and pur-

[1]Reported in 107 N. W. 557.

suant to the terms of the lease from May to December, 1905, thereby renewing the lease for the full term of two years. The trial court instructed the jury that they should determine from the evidence, in the first place, whether the option to renew the lease had been exercised by both tenants, and, if they should find that it had been, then their verdict must be for respondents; but, if they should find that the option to remain had not been exercised by both of them, then the further question should be determined whether respondents had paid rent subsequent to the commencement of the action, and whether the same had been accepted by appellant with the intention of renewing the lease for the further period of two years. The court also instructed the jury to determine from the evidence whether the Olson Company acted in good faith in giving notice to appellant that it would not renew the lease in conjunction with the joint lessee, Pherson.

It is evident that the tenants did not get along harmoniously. Two lawsuits were necessary to determine their rights under the lease. The Olson Company frankly admits that it did not propose to rent for the ensuing two years unless the co-tenant, Pherson, was dispossessed, and the evidence presented a fair question for the jury to decide whether or not the owner and the Olson Company were acting in good faith in refusing to exercise the option to renew the lease, and whether they did or did not have a private understanding that the Olson Company should be permitted to lease the entire premises, provided it could get rid of the other tenant. The court was also justified in taking the opinion of the jury upon the question whether or not the rent paid subsequent to the commencement of the action was paid and received subject to the rights of the parties to be determined upon the case then on appeal, with the intention of recognizing the lease as having been renewed for the ensuing term.

We have been unable to discover any errors in the record, and the judgment is accordingly affirmed.