## PLAYTER *v.* CUNNINGHAM.

Upon a covenant in a lease for quiet enjoyment the lessor is responsible only for his own acts and those of others claiming by title paramount to the lease and not for the acts of a mere trespasser, although the effect of these acts may be to deprive the lessee of the benefit of the lease.

Thus, where a lessor was sued upon a covenant " that the lessees paying the rent shall peaceably and quietly have, hold, and enjoy the premises for the term mentioned," and the breach alleged was that the lessee had been prevented from entering by one R. who was in possession, *claiming to hold under a prior lease: Held,* that the complaint was demurrable in failing to aver any sufficient breach of the covenant.

*Held, further,* that if the complaint had averred that R. was in possession, *actually holding under a superior title,* it would have been sufficient without alleging that a suit had been brought and the validity of the title judicially determined.

Appeal from the Twelfth Judicial District.

The facts are sufficiently stated in the opinion of the Court.

*Shattuck, Spencer & Reichert,* for Appellant.

A covenant in a lease for quiet enjoyment implies a quiet entering into possession under the lease and not a lawsuit. (*Coy* v. *Clay,* 5 Bing. 440; *Ludwell* v. *Needman,* 6 Term, 458; *Trull* v. *Granger,* 4 Seld. 115; *Lawrence* v. *French,* 25 Wheat. 445; *Duvall* v. *Craig,* 2 Id. 61.)

In *Ludwell* v. *Needman* above cited, the Court think it extremely clear, " that the defendant's covenant for quiet enjoyment meant a legal entry and enjoyment without the permission of any other person."

There were in this case two counts in the complaint, in one of which it was alleged, that suit had been prosecuted against the occupant without recovery. The second count did not state an application to the occupant to attorn or a suit against him. The same plea was interposed to both the counts and a demurrer to the plea. While the facts of the case are somewhat variant from this, yet the principle announced is correct and sustains us.

The counsel for respondent relies mainly upon the case of *Gardner* v. *Keteltas* (3 Hill, 330) which seems to hold, that the lessee cannot recover damages against his lessor for not letting him into the possession, if he could maintain ejectment against the incumbent.

But the case of *Trull* v. *Granger*, above cited, is a later case than that in 3 Hill, and was decided by a higher Court. The former case is quoted and the later decision is against it, maintaining as it does that, although the tenant may have cause of action against the occupants of the household as a wrong-doer, yet he is not driven to that but may recover damages against the lessor on the covenant for quiet enjoyment.

It will be seen, in *Trull* v. *Granger*, that Trull had the oldest lease, dated September, 1849, to commence in May, 1850. On the first of May, 1850, plaintiff tendered the rent and demanded possession, but the premises subsequent to plaintiff's lease, viz. : March, 1850, had been let to another who was then in possession, and as a wrong-doer against Trull. That Trull could have ejected him is undoubted, but that is not the question. The question made and decided was, that the tenant was entitled to be let into possession without suit or an action for damages lay against the landlord. And all the Judges who heard the case concurred.

The other cases relied on by counsel for respondent are of a class concerning those who have purchased the fee, or a very long lease, where the doctrine is asserted, that if the owner had the right to sell at the time he executed the instrument, a tenant holding over and refusing to give possession would not make the vendor liable to the vendee. Such is the case of *Howell* v. *Richards* (11 East. 63) and others cited by respondent.

Authorities bearing immediately on the point seem not to be numerous ; what there are, with the exception of that in 3 Hill, are in our favor.

Indeed, the justice of the principle contended for by us seems so clear as to need no authority to sustain it. This case is a good illustration of it. The premises are extensive warehouses in San Francisco ; the rent eight hundred dollars per month ; the term one year. To make preparation to enter upon the business profitably time is important. Hence, the lease was obtained some months before it commenced running, to give the lessee opportunity of shaping his business to that end. He is prepared and the time has arrived ; his money is tendered and possession is demanded, only to be told that he has the poor privilege of suing Reed, the incum-

bent, who claims to hold under an older and better title than that of plaintiff. Should he sue, his lease would probably expire before the right of possession could be determined; in the meantime he would have paid to his landlord $9,000 rent with the expense and vexation of a lawsuit added thereto. If he fails in the suit it is a loss of the whole with his year's business. If he recovers, his year's business is lost and Reed may be utterly unable to respond in damages, and he has lost $10,000, besides his time, to test the right of possession of a former tenant of his landlord. This is not justice and cannot be law.

*Delos Lake*, for Respondent.

I. A covenant for quiet enjoyment only insures the lessee a legal right to enter under the lease and enjoy the demised premises, but is not a guaranty against damage caused by a wrong-doer who may happen to be in possession.

II. The lease in this case was a conveyance of a term; and the covenant for quiet enjoyment operated as a warranty by the lessor that he had lawful right to convey the term, and is not broken except by paramount adverse title to some portion of the term. It is a covenant against the right of all persons lawfully claiming title or possession under the lessor. It is not a covenant against the unlawful acts of strangers. (*Dudley* v. *Folliott*, 3 Durn. & E. 584; Platt on Covenants, 314; *Ludwell* v. *Newman*, 6 Durn. & E. 458; *Howell* v. *Richards*, 11 East, 633; Woodfall's Landlord and Tenant, 232; *Gardner* v. *Keteltas*, 3 Hill, 330.) This last case is on all fours with the present, and is not overruled by the case of *Trull* v. *Granger*, (4 Alden, 115) as the plaintiff's counsel erroneously supposes.

In this latter case the landlord personally withheld and retained possession. No one ever doubted that such act by the landlord was a breach of the covenant of quiet enjoyment—as much so as to enter upon and take possession of a part of the demised premises during the term. It is simply the difference between the wrongful acts of the landlord, for which he is responsible, and the wrongful acts of a stranger, for which the landlord is not answerable.

The only case that in the least conflicts with the proposition for which we contend, is that of *Coy* v. *Clay*, (5 Bing. 440) cited in plaintiff's brief.    (15 E. C. L. 493.)    This case is so briefly reported that it is not much to be relied on as an authority.    So far as the facts are reported, however, it is not necessarily in conflict with previous cases.    It is stated to be " an agreement to let the plaintiff certain premises *per verba de præsenti;* which I understand to mean not only that the words of grant were in the present tense but that it was a grant of a *present right of enjoyment.* Otherwise, there was no necessity of stating, *ex industria,* that the agreement was *per verba de præsenti,* since all leases contain words of grant in the present tense though the term may commence in the future.    The lease under consideration is, by deed, to take effect *in futuro.*    But whether this distinction is well founded or not, this brief case, loosely reported, cannot be permitted to overcome the otherwise uniform current of decisions founded on the clearest principles.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

In April, 1860, the defendant executed to the plaintiff and one Berring a lease of certain premises in the city of San Francisco, for one year, commencing on the first of August.    Berring assigned his interest to the plaintiff, and at the proper time the plaintiff tendered the rent and demanded possession of the premises, but was prevented from entering by one Reed, who was in possession, claiming to hold under a prior lease.    The action is brought upon a covenant in the lease for quiet enjoyment, and the question is, whether the defendant was bound by the covenant to put the plaintiff in possession.    The case comes up on demurrer to the complaint, the Court below having sustained the demurrer, and rendered a judgment for the defendant.

The language of the covenant is, that the lessees paying the rent shall peaceably and quietly have, hold, and enjoy the premises for the term mentioned.    This is the form usually adopted in such cases, and there is no doubt that a covenant of this character

insures to the lessee a legal right to enter and enjoy the demised premises. The plaintiff contends, that it amounts to an undertaking that the lessee shall be permitted to enter quietly and without suit, and that it devolves upon the lessor to remove any obstruction to his entry by putting him in possession. The defendant contends that it only implies a legal right to enter, and is not a guaranty against damages resulting from the wrongful act of a third person who may happen to be in possession. This we regard as the correct view; and although the authorities are not entirely uniform, we understand the law upon the subject to be perfectly well settled. (Taylor's Landlord and Tenant, 147 ; Rawle on Covenants for Title, 147.) The lessor is responsible upon the covenant for his own acts, and for the acts of others claiming by title paramount to the lease, but he is not responsible for the acts of a mere trespasser. The effect of these acts may be to deprive the lessee of the benefit of the lease, but the remedy is against the person by whom the acts were committed, and not against the lessor.

If it were averred that Reed was in possession actually holding under a superior title, the complaint would probably be sufficient, without alleging that a suit had been brought, and the validity of the title judicially determined. It is not enough, however, to have averred that he was in possession, claiming to hold under a prior lease, for it was necessary to show that the plaintiff had been kept out by means of a paramount title.

Judgment affirmed.