JOHN LARKIN v. LOUISA MISLAND, Respondent, AGNES MISLAND, Appellant.

A lessee of mortgaged premises, as between him and the owner, is simply entitled to be paid out of any surplus arising on foreclosure sale, the loss resulting to him from the extinguishment of the lease, which is the value of the use of the premises for the remainder of his term, less the rents reserved ; in the absence of proof, the presumption is that the rents reserved are the fair value of the use and that no damage is sustained by the lessee.

Where, therefore, a lessee and the owner of the equity of redemption were the only claimants for the surplus arising on foreclosure sale, and no evidence was produced by the former tending to show that the leasehold estate had any value in excess of the rents. *Held,* that the whole surplus was properly awarded to the owner.

(Argued October 6, 1885 ; decided October 27, 1885.)

APPEAL from order of the General Term of the Supreme, Court in the second judicial department made September 14, 1883, which affirmed an order of special term which awarded

to defendant, Louisa Misland, the surplus arising on foreclosure sale herein.

Said defendant claimed, as owner of the equity of redemption, the only other claimant was Agnes Misland who claimed to be entitled to a portion thereof, as lessee of the mortgaged premises. No proof was made by the lessee as to the value of the leasehold estate.

*Charles N. Judson* for appellant. The surplus arising on a foreclosure stands in exactly the same position as the land. It is subject to all the claims and liens that existed against the land; in fact for all intents and purposes it is the land, and a court of equity will so treat it. (*Averill* v. *Loucks*, 6 Barb. 478; *Every* v. *Edgerton*, 7 Wend. 269.) Agnes Misland's lease was a valid lien upon the land, and her claim takes precedence over that of the owner of the equity of redemption. (*Clarkson* v. *Skidmore*, 46 N. Y. 301.)

*Anthony Barrett* for respondent. The respondent is the owner of the equity of redemption, and so named in the complaint, having proved the fact before the referee. She is *prima facie* entitled to the surplus, unless some one proves a better right. (*Franklin* v. *Van Cott*, 11 Paige, 129; N. Y. Leg. Obs. 162.)

FINCH, J. This order should be affirmed, solely for the reason that Agnes Misland did not show the value of her leasehold estate in excess of the rents reserved, or that it had any such value. We may grant that the lease which she produced from Louisa was duly delivered, and that there was possession under it, and so that she was entitled to be first paid out of the surplus the value of her leasehold estate before any part of such surplus should go to the lessor as owner of the equity of redemption. But the difficulty remains that there is no sufficient proof of any such value, and so no basis for an award to the lessee. The whole subject was fully discussed in *Clarkson* v. *Skidmore* (46 N. Y. 301). It was there explained that the

value of the leasehold estate, the sum lost by its destruction, is what it is worth over and above the rent reserved. If its value does not exceed such rent, no loss results from an abridgment of the term. The occupation lost and the rental saved balance each other. But if the estate is worth something over and above the rental, that excess is lost by the destruction of the term. In this case no such excess of value was in any manner established. The amount of the rent reserved was not shown. It consisted of a sum equal to the interest on incumbrances, the number and amount of which we do not know, and to the insurance premiums, taxes and water rents. What this annual rental in money amounted to, and how it compared with the actual annual value of the leasehold estate, is undisclosed, and so no basis existed for estimating a possible loss resulting from the extinction of the lease, and to which Agnes was entitled as compensation out of the surplus realized. The only fact shown was that value remained in the fee, over and above the incumbrances, as indicated by the result of the foreclosure sale. But the case already cited determines that, while the surplus realized may be an element in estimating the value of the leasehold, yet the interest upon such surplus is not that value. It in no respect concludes the lessee, and so should not conclude the lessor. In the absence of proof to the contrary, the rents reserved must be presumed to be the fair annual value of the use of the land, and that the fee is worth more than the incumbrances as shown by a foreclosure sale does not rebut or destroy that presumption, for the interest upon the value of the fee is much less likely to measure justly the value of the use than the rental agreed upon by the parties as the fair value of such use. The special term was, therefore, justified in ruling that Agnes Misland had shown no loss by the extinction of her estate which should be compensated out of the surplus.

The order should be affirmed, with costs.

All concur.

Order affirmed.