(45 Misc. Rep. 255.)

### ELY v. COLLINS et al.

(Supreme Court, Special Term, New York County. November, 1904.)

1. LEASE—EXTENSION OF TERM—RIGHTS OF LESSEE.
   Before the expiration of a lease for a term of years, the lessor executed another lease for an additional term, to begin on the expiration of the first lease. *Held,* that the lessee was entitled to continue in possession, as though the original lease had been made for a term expiring at the end of the term provided for in the renewal lease.

2. SAME—FORECLOSURE—SALE OF PREMISES—DAMAGES.
   Where a lessor, before the expiration of a lease for a term of years, executed a new lease to the tenant for a term beginning on the expiration of the first lease, and prior to the expiration of the term demised by the original lease the lessee's rights under both leases were cut off by foreclosure of a mortgage on the premises, the lessee's right to be reimbursed out of the surplus, on foreclosure, for damages from the termination of the leases, is superior to the right of the owners of the equity of redemption.

Action by Ambrose K. Ely against Thomas J. Collins and others. Motion for an order confirming report of referee as to distribution of surplus from sale on foreclosure. Granted.

Cohen Bros., for plaintiff.
Campora & Thiery, for claimant Elisa Caruso.
Thomas F. Keogh, for defendant Mary K. Collins.

BLANCHARD, J. This is a motion for an order confirming the report of a referee respecting the distribution of surplus money arising from the sale of real estate in an action for the foreclosure of a mortgage thereon. The confirmation is opposed upon several grounds, but I shall consider but one of them, deeming the others unimportant. At the time of the foreclosure sale, February 18, 1904, one of the defendants, Elisa Caruso, was in possession of the mortgaged premises

under a lease which had been executed and delivered to her by a former owner of the fee. This lease by its terms expired November 1, 1904. On the 14th day of June, 1902, while Caruso was in possession under this lease, the then owner of the fee, Mary A. F. Collins, the mortgagor in the mortgage foreclosed in this action, executed and delivered to the tenant, Caruso, a further lease of said premises for three years from November 1, 1904, upon substantially the same terms as those expressed in the lease under which she was then enjoying the possession of the premises. Thereafter the lessor, Mary A. F. Collins, died intestate, and her legal representatives, the owners of the equity of redemption, are defendants in this action. The lessee's right of possession under both leases was disturbed and cut off by the foreclosure sale, and for the damage suffered by her in consequence thereof the referee has sustained her claim to the surplus money, as being superior to that of the defendants, who are the owners of the equity of redemption. In this the referee's finding is correct. The tenant, Caruso, was entitled, as against Mary A. F. Collins and those claiming through her any interest in the real estate to the undisturbed possession thereof until November 1, 1907. She was in possession, and the lease to take effect November 1, 1904, gave her the right to continue in that possession, as though the original lease had been made for a term expiring November 1, 1907. This view is supported by Larkin v. Misland, 100 N. Y. 212, 3 N. E. 79, and Clarkson v. Skidmore, 46 N. Y. 297.

Motion granted.