[Civ. No. 8066.   Second Appellate District, Division One.—November 28, 1934.]

JOHN V. BARROW et al., Appellants, v. ROSALYN I. SIMON, as Executrix, etc., et al., Respondents.

Charles E. Carter, Martin M. Levering and Henry Trowbridge for Appellants.

Black, Hammack & Black and Black, Hammack & McWilliams for Respondent Simon.

SCHAUER, J., *pro tem.*—By this action for alleged unlawful detainer plaintiffs seek to recover possession of certain real property described in the pleadings, together with asserted unpaid accrued rental. The complaint alleges ownership of the property by the plaintiffs, the execution of a lease thereon with certain defendants, default in the payment of rent, the giving of the twenty-day notice required by the lease, the statutory notice, and that "said defendants unlawfully hold over and continue in possession of said premises".

Judgment was rendered in favor of all defendants, and plaintiffs appeal therefrom, asserting insufficiency of the evidence to support certain findings of fact, as well as various alleged errors of law.

The trial court made no finding upon the issue raised by the allegation of nonpayment of accrued rent and the denial thereof, but predicates its judgment upon certain alleged affirmative defenses set forth in the answer of defendant M. P. Simon, upon which it made findings of fact in effect as follows:

(1) That the last-named defendant "has neither been in actual or constructive possession of any portion" of the demised premises since February 5, 1930, a date prior to the commencement of the present action;

(2) That the issues as to "liability for money claimed against the defendant M. P. Simon" were adjudicated in a prior action between the same parties; and

(3) That prior to the filing of the complaint a receiver was appointed for the defendant Richfield Oil Company, and that such receiver was not made a party defendant.

It appears that the lease was executed in the year 1923 by and between plaintiffs as lessors and defendants M. P. Simon, F. C. Williams and W. W. Newsum as colessees; it was to run for a term of approximately twenty years and required monthly rental payments. In 1928 the lessees mentioned, together with the Richfield Oil Company of California, a corporation, executed a document denominated by them a ''sub-lease'' whereby such original lessees purported to ''lease'' to the oil company a portion of the premises described in the original lease for the full remainder of the term thereof.

█ 1. At the trial it was expressly admitted by all of the defendants, *including* Simon, that each defendant, *except* Simon, was then in possession of some part or parts of the demised property. There was also evidence that the defendant Newsum had transferred his interest under the lease to Simon, but that transfer is immaterial upon this appeal. In view of Simon's stipulation that at least one of his colessees was in possession of at least part of the premises, and the entire absence of evidence to establish any severance of Simon's interest from such colessees, the finding that Simon ''has neither been in actual or constructive possession of any portion'' of the premises since February 5, 1930, cannot be sustained. █ A colessee of real property is a tenant in common of the leasehold interest. The possession of one cotenant is possession for all. (*Unger* v. *Mooney,* 63 Cal. 586 [49 Am. Rep. 100]; *McClure* v. *Colyear,* 80 Cal. 378 [22 Pac. 175]; *Wood* v. *Henley,* 88 Cal. App. 441 [263 Pac. 870].)

█ Neither do we think could such finding be sustained by reason of the possession of a portion of the property by the defendant oil company. The instrument evidencing the rights of such oil company in the property was denominated a ''sub-lease'', and although it purported to demise the portion of the property therein described to the oil company for the entire remainder of the lessees' term and might, under proper circumstances, be treated in law as a *pro tanto* assignment, it apparently was not recog-

nized as such by the parties; the original lease contained a covenant against assignment and the plaintiffs declined to accept the oil company as an assignee, or in any capacity other than that of subtenant. Under the undisputed evidence, we think that the possession of the oil company was possession of the original lessees (*Barkhaus* v. *Producers Fruit Co.*, 192 Cal. 200, at pp. 205, 206 [219 Pac. 435]).

■ Respondent Simon's claim of eviction falls because there is no evidence to show that he ever surrendered possession, and there is the affirmative evidence that he remained in possession either in person, or by subtenant and cotenant.

■ 2. The conclusion of the trial court that certain issues here were rendered *res judicata* by the proceedings in a prior action rests upon a judgment which in turn is founded upon a finding that a twenty-day notice, required by the lease, had not been given; and the following conclusions of law: "I. That the action brought by the plaintiffs herein was prematurely brought. . . . III. That the judgment to be entered herein shall not prejudice the rights of plaintiffs to commence a new action against the defendants, or either of them, upon the accrual of a cause of action against them, or either of them." It appearing that such twenty-day notice was given prior to the commencement of the present action, plaintiffs, therefore, are not precluded by such prior action from a determination upon the merits of the issues raised in the instant case.

■ 3. The finding that a receiver had been appointed for the defendant Richfield Oil Company and not substituted herein is not available as a defense for the defendant Simon. The failure to substitute the receiver could constitute at most a nonjoinder of parties defendant, and by the provisions of section 1164 of the Code of Civil Procedure the court was bound to proceed as to the defendants before it. (*Tujague* v. *Superior Court*, 69 Cal. App. 35 [230 Pac. 198].)

■ 4. In the light of the foregoing conclusions, defendant Simon's contention that the court was without jurisdiction to proceed against him by reason of the fact that the only process served upon him was the statutory three-day summons, is without merit.

■ 5. Appellants urge this court, in the event of reversal, to take proceedings under section 956a of the Code of Civil Procedure, make further findings of fact, and render a new judgment in their favor. It was not intended by such legislation to substantially change the functions of appellate tribunals to the extent of transposing to them the duty of hearing and determining contested issues of fact in the event of reversals of judgments of trial courts. In *Tupman* v. *Haberkern*, 208 Cal. 256, at page 266 [280 Pac. 970], the Supreme Court discusses this enactment and . concludes that its ''primary and principal purpose'' is to permit the appellate court to remedy defects ''to the end that the judgment or order appealed from may be affirmed and further litigation terminated, and where otherwise under the old practice the judgment or order would have to be reversed''. No machinery of law is set up by which appellate courts, if they were to act as trial courts, could enforce their original judgments. It follows that when a judgment is reversed the cause must be remanded for further proceedings.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 20, 1934, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 24, 1935.