### UNITED STATES v. 6.87 ACRES OF LAND IN VILLAGE OF GARDEN CITY, NASSAU COUNTY, N. Y., et al.

#### No. 179.

Circuit Court of Appeals, Second Circuit.

Feb. 6, 1945.

Norman M. Littell, Asst. Atty. Gen., Harry T. Dolan, Sp. Asst. to Atty. Gen., and Vernon L. Wilkinson and George S. Swarth, Attys., Department of Justice, both of Washington, D. C., for United States.

Skinner & Bermant, of New York City (Bernard L. Bermant, of New York City, of counsel), for Warehouse Building Corporation.

Michael J. O'Neill, of New York City, for Great Atlantic & Pacific Tea Co.

Before CHASE, HUTCHESON, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Appellant points to the fact that the trial court in its opinion, in addition to the finding quoted above, said:

"With an annual rental of.................... $ 44,640.00
the following deductions should
    be made:

| | | |
|---|---:|---:|
| Taxes | $5,400.00 | |
| War insurance | 450.00 | |
| General insurance | 350,00 | |
| Replacement | 3,500.00 | |
| Depreciation | 6,670.00 | |
| 5% reserve for taxes (estimated to be very low) Vacancy allowance and contingencies | 2,232.00 | 18,602.00 |
| leaving | | $ 26,038.00 |
| which capitalized at 8% makes the value of land and building | | 325,500.00 |
| which is subdivided as follows: | | |
| Land | | 29,111.00 |
| Improvements | | 296,389.00 |

"In estimating the cost of replacements, we must not forget that as a building advances in age a greater outlay is required to make the necessary replacements. Certainly with the property located as it is, near Mitchel Field, war insurance would be carried by any prudent person, who was the owner of the subject property. It was considered that the taxes were low and therefore a reserve should be set up for that, as well as vacancies and contingencies, and the amount estimated I am convinced is a fair estimate."

Appellant contends that the court erred as to several of these "deductions." But, in condemnation cases, since Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is not applicable, the trial court is not required to make detailed findings. Accordingly, it is sufficient if the court's ultimate figure of valuation is amply supported by the evidence, as it is here. Consequently,

although so far as we have examined into the matter, we think the deductions complained of are proper, we do not consider them. It is to be noted in this connection that, in an opinion denying appellant's motion for a new trial, 58 F.Supp. 949, the trial court said: "All of the matters referred to in that affidavit were the subject of consideration by me either specifically or generally when I wrote my opinion, in which I did not accept the valuation of any one of the experts of either party, but arrived at my own opinion after considering the testimony of all of them, and viewing the property as therein described."

■ 2. Appellant contends that the judgment is inconsistent in that the 6% interest allowed on the award amounts to substantially less per day than the rental value allowed to the tenant "for the same damages." This argument rests on a misunderstanding of the reason for allowing interest. The interest is not allowed as compensation for the use of the property but as compensation for delay in payment of the award.[1] As to the rate of interest allowed, see 40 U.S.C.A. § 258a; New York General Business Law, Consol.Laws, c. 20, § 370.

■ The tenant is entitled to an award for the damages to it. As the rent here was prepaid, we regard as inapposite the New York decisions in which, that factor being absent, it has been held the tenant to recover must show that the value of his term is more than the amount of the rent under the lease.[2] The tenant's damage might, in proper circumstances, be more than the value of its interest in the estate, i. e., more than the prepaid rent. In that event, the award to it in excess of the prepaid rent would have to be added to the lessor's award. But, as here the amount awarded the tenant exactly equalled the amount of rent received by appellant, the lessor, it was proper to deduct that amount from appellant's award. Cf. Matter of City of New York, 120 App.Div. 700, 707, 105 N.Y. S. 779.

■ 3. Appellant complains that the trial court admitted certain evidence which appellant asserts is hearsay. Whether the evidence was properly admitted we need not consider. For, in a trial without a jury, it will be presumed, absent a clear showing to the contrary, that the trial court relied only on proper evidence in reaching its conclusions. Nothing to rebut that presumption has been shown here; and aside from the allegedly improper evidence, there is ample evidence to support the court's finding.

Affirmed.

---

[1] Kieselbach v. Commissioner, 317 U.S. 399, 403, 63 S.Ct. 303, 87 L.Ed. 358; Brooks-Scanlon Corp. v. United States, 265 U.S. 106, 123, 44 S.Ct. 471, 68 L. Ed. 934.

[2] See, e. g., Larkin v. Misland, 100 N.Y. 212, 3 N.E. 79; Clarkson v. Skidmore, 46 N.Y. 297.