DEMETRIA SIFUENTES et al. v.
UNITED STATES.
No. 4298.

Circuit Court of Appeals, First Circuit.
June 2, 1948.

Enrique Cordova Diaz, of San Juan, P. R. (J. Henri Brown, Walter L. Newsom, Jr. and Gabriel de la Haba, all of San Juan, on the brief), for appellants.

Elizabeth Dudley, of Washington, D. C. (A. Devitt Vanech, Asst. Atty. Gen., Philip F. Herrick, U. S. Atty., of San Juan, P. R. and Roger P. Marquis, of Washington, D. C., on the brief), for appellee.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a judgment awarding compensation for certain lands and perpetual easements in lands in Puerto Rico condemned and taken by the United States for military purposes.

The appellants are a widow, her four daughters, and the husband of one of the latter who died subsequent to the trial in the District Court. Prior to the taking the widow and her four daughters jointly owned a substantial tract of agricultural land composed of several contiguous parcels, the married daughter alone owned an adjoining tract, and the latter and her husband together owned still another adjoining tract. In 1938 the husband leased the land owned jointly by the widow and her daughters for ten years at an annual rental of $16.00 per cuerda plus taxes, which amounted to about $2.50 a year per cuerda, and from then on he operated all of the lands, amounting to 739 cuerdas, as a unit for growing sugar cane.

The Government in its petition for condemnation recited that it was taking "the full fee simple title", subject to enumerated existing easements, to six parcels, including the parcel owned by the married daughter and the one owned by the married daughter and her husband jointly, amounting in all to 367 acres of the above farm unit, and "a perpetual easement and right-of-way for the location, construction, operation, maintenance and patrol of a roadway in, over, upon and across" four other parcels of the unit belonging to the mother and her daughters. The Government deposited the amount it estimated as just compensation in the registry of the court below and that court thereupon entered a judgment vesting title to the lands and easements in the United States in accordance with the petition. Subsequently trial was had on the issue of damages, the landowners contending that the amount deposited as just compensation was inadequate.

At the trial it appeared that the taking in fee of a parcel designated in the proceedings as Tract E-38 cut a roadway which had formerly been used to haul sugar cane from the southerly part of an adjoining parcel designated as Tract E-80, which belonged to the mother and her daughters and was not condemned, to a loading station on a railroad, so that as a result of the taking of Tract E-38 another roadway would have to be built across Tract E-80 if the southerly part of it was to be used in the future for the production of sugar cane. Furthermore it appeared that unless the Government allowed cane to be hauled across a viatic easement which it took along the easterly border of Tract E-80, all cane grown on that tract would have to be hauled in a westerly direction to a more distant loading station than the one formerly used on the easterly side of the easement, and that to build a roadway in a westerly direction to this more distant station a bridge would have to be built over a stream which would entail substantial expense.

Following the trial the court below made findings in which after recitations with respect to the regularity of the proceedings and the nature of the estates condemned it found "The fair market value of and just compensation for" each separate parcel of land taken in fee, and each separate parcel of land subjected to the viatic easement referred to. Then it found that in addition to the compensation due to the owners for the parcels taken in fee and for the parcels subjected to the easement "the amount of $2,000 plus interest at 6

percent per annum from January 27, 1945, until the date said amount is deposited in the registry of this court, is full and just compensation for the taking of the road which formerly existed across Tract E-38, and which must be substituted." It made no finding or ruling with respect to the landowner's right to haul cane across the easement condemned along the easterly border of Tract E-80, or with respect to their damage if they were not allowed to do so, nor did it make any specific finding with respect to severance damages occasioned by reason of the taking in fee of part of the original farm unit.

The landowners have appealed on three grounds. They contend that the court below erred in that it failed to award severance damages occasioned to their remaining Tract E-80 by reason of the taking of the viatic easement along the easterly border of that tract; that it erred in that it failed to award just compensation for the lands taken in fee because it did not give "proper weight and consideration to the capitalized rental value" of those lands; and that it erred in that it failed to find that the remaining lands of the farm unit had suffered severance damages by reason of the splitting up of the unit of which they had formerly comprised a part.

■ The court below did not file an explanatory memorandum opinion, nor did it make detailed findings of fact and state its conclusions of law thereon. Neither did it make a single general finding of the gross value of the lands and easements condemned which, if within the range of the testimony as to value, could not successfully be assailed on appeal by the landowners as inadequate or by the Government as excessive. Instead it made findings with respect to some of the questions of fact presented for its consideration but omitted to make findings with respect to others of equal importance. In this state of the record we find it impossible to give satisfactory answers to all of the questions raised by the appellants. But, since the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, do not apply except on appeal to proceedings for the condemnation of property under the power of eminent domain (Rule 81(a) (7)), we

lack specific authority to reverse out of hand at this point and remand for findings of fact and a statement of conclusions of law thereon. Baetjer v. United States, 1 Cir., 143 F.2d 391; United States v. 6.87 Acres of Land, 2 Cir., 147 F.2d 351, 352. We are therefore forced to decide as much as we can on the fragmentary findings before us, instead of waiting to decide all questions raised at one time on a subsequent appeal.

Incomplete as these findings are, we can nevertheless say with assurance that the appellants have not established error by reason of the failure of the court below to accord "proper weight and consideration to the capitalized rental value" of the land taken from them in fee. They were allowed over the Government's objection to introduce evidence of the rental actually received at the time of condemnation by the mother and her daughters and that this rental was fair, that their lands had been leased ever since 1914, and evidence of the accepted formula for capitalizing the rental value of agricultural land in Puerto Rico. Nevertheless they say that the court below must have ignored or given little or no consideration to this evidence since the value it found for the land was substantially less than its capitalized rental value. We cannot agree.

■ Capitalized rental value is not the sole criterion of fair market value, even when lands have been rented for years and there is no evidence of sales to go by. It is only one of the relevant factors to be considered in determining fair market value, and we cannot say that inadequate weight must have been given to that factor in the instant case because it was not regarded as controlling. Indeed there is good reason why the court below should not have given it controlling importance since, although there was no dispute as to the rent actually paid for the land at the time of the taking or as to the number of years the land had been leased, the last lease, and the one relied upon to establish rental value, was between members of a family group and the Government's expert witness testified that the rent paid under that lease was too high. Since the value found by the court below

for the parcels taken in fee is within the range of the testimony, we cannot say that its appraisal of those tracts was clearly erroneous.

The questions with respect to severance damages cannot be disposed of so easily. We shall consider first the question arising by reason of the taking of the easement along the easterly border of Tract E-80.

The appellants admit that the taking of this easement causes them no damage above the value of the land subjected to the easement, for which compensation was awarded, provided cane grown on Tract E-80 can in the future as a matter of right be hauled across the easement to the old loading station as it was in the past and as apparently has been permitted ever since the taking. But they say that they have no legal right to cross the easement with cane from Tract E-80, but have been allowed to do so only at sufferance, and hence are entitled to be compensated for loss of access to their old loading station. The Government does not deny its right to prohibit the transportation of cane across its easement whenever it chooses. Nor does it deny that the landowners have suffered severance damages in consequence of the taking of this exclusive easement. It takes the position that the court below in fact gave the landowners compensation for loss of access to their old station since it awarded them over $12,000 more than the value placed on their property by one of the expert witnesses, and the judgment states that the amount awarded as just compensation includes "all damages * * * of the defendants herein."

■ We agree that the Government has the right to prevent the transportation of cane across its easement whenever it may wish to do so. The right of way taken leads to a military establishment known as Fort Bundy, and the Government took not only a right of way but also the right to "patrol" that way—a right of little or no value if it does not include the right to prevent indiscriminate use of the easement by civilians. But we do not construe the judgment, even in the light of the finding of total value, as including an award of severance damages resulting from the taking of an exclusive easement.

■ The finding of gross value is within the range of the testimony as to the actual value of the lands and easements physically taken exclusive of any consideration of severance damages occasioned by their taking, and the mere words "including all damages" used in the judgment under consideration do not by any means as clearly import an award of severance damages as the words in the finding that the amount awarded as just compensation for property condemned "includes all damages, past, present and future depreciation, if any there might be, to the remainder of the tract" which we construed as covering severance damages in Baetjer v. United States, 1 Cir., 143 F.2d 391, 394.

In addition it is a fair inference from the fact that the District Court assigned specific amounts as the fair market value and just compensation for each separate tract and easement taken and then added severance damages thereto for the taking of the road which formerly ran from Tract E-80 across Tract E-38, which was taken in fee, that it did not include in its gross award any severance damages resulting from the taking of the other military road we are now considering. Furthermore, in spite of the fact that this claim for severance damages cannot be properly considered until the question of the exclusive or non-exclusive nature of the easement taken is first determined, it does not appear that the court below ever considered that question. It only appears that at the trial it reserved that question as one of law. Thus we are left in the dark as to how that question was ever determined or even whether it was ever given any consideration.

Under these circumstances we are unable to say that it clearly appears that the question of severance damages resulting from the taking of the easement over the easterly border of Tract E-80 was not overlooked. Baetjer v. United States, supra. Hence, the case must be remanded for a finding on the question of the severance damages suffered by the appellants on account of the taking of this military road unless, of

course, the Government is content to have it appear clearly in the judgment that it has not taken the exclusive right to use that road.

What has already been said goes far to show the impossibility of giving a satisfactory answer to the other question of severance damages presented—whether or not the court below found that the remaining lands of the farm unit suffered severance damages because of the taking in fee of part of that unit, and if the remaining lands did suffer such damages, how much, if anything, was awarded therefor. Perhaps under these circumstances we have inherent power to remand for clarifying findings on this issue since without them we find it exceedingly difficult if not impossible to exercise our appellate function intelligently. See Kennedy v. Silas Mason Co., 68 S.Ct. 1031. But if we have this power we do not feel compelled to exercise it because we feel confident that on the remand required to consider the question of severance damages arising from the taking of the military road the court below will avail itself of the opportunity then presented to clarify its position on this other issue of severance damages. Iriarte v. United States, 1 Cir., 166 F.2d 800, 803.

The judgment of the District Court is vacated and the case is remanded to that court for further consistent proceedings.