[Civ. No. 8053. Third Dist. June 6, 1952.]

H. A. REYNOLDS, Plaintiff and Respondent, v. A. R. McEWEN, Appellant; W. A. THAYER, Cross-Defendant and Respondent.

Fontaine Johnson, John M. Roberts, Jr., and Kasch & Cook for Appellant.

Mannon & Brazier for Respondents.

PEEK, J.—This is an appeal by defendant McEwen from a judgment in favor of plaintiff Reynolds in an action arising out of the lease of a sawmill located in Mendocino County.

W. A. Thayer, one of the cross-defendants, was the owner of certain real property in said county. The mill in question was located on a one acre parcel of this property. On July 20, 1946, Thayer leased the land together with the mill and equipment for a term of five years to E. C. Fredericks and one of the defendants herein, William E. Stover. The lease contemplated the removal of the old mill and the construction of a new one and contained appropriate provisions relative thereto. The lessees entered into possession of the property and immediately proceeded with said plans, contracting with appellant McEwen, a general contractor, for certain construction work. Fredericks and Stover were unable to meet their obligations to the lessor Thayer and the contractor McEwen. Thayer, upon being asked to consent to an assignment of Fredericks' interest as colessee to McEwen stated the lease was nonassignable but said, "if they could get a release from Fredericks and if McEwen and Stover would assume all the obligations as to inventory, the equipment, the property . . . (he) would be willing to make a lease with McEwen and Stover." As suggested Fredericks

executed a release and on March 1, 1947, the old lease was cancelled and a new lease, substantially identical as to terms, was executed to A. R. McEwen and William E. Stover as copartners. Construction of the new mill continued. On May 20, 1947, Stover assigned his interest to McEwen who thereafter completed the mill and began operations. On December 1, 1948, Thayer conveyed the real property and assigned his interest as lessor together with the rents to become due thereunder to plaintiff Reynolds. The monthly rental of $600 was paid only to and including October 31, 1948.

On June 6, 1949 respondent Reynolds filed his complaint against McEwen and Stover by which he sought to obtain the rent due according to the terms of the lease. McEwen cross-complained for damages alleged to have been suffered by him in attempting to operate the mill without certain equipment which was itemized in the inventory attached to the lease and for a refund of the rent previously paid by him. The cause proceeded to trial on the issue so formed and at the conclusion thereof the court found the allegations of the complaint to be true, giving judgment accordingly.

McEwen has now appealed, the essence of his contention being that Thayer as lessor and Reynolds as his successor breached the contract by failing to put defendant in possession of all of the property set forth in the inventory attached to said lease. In particular he contends the judgment must be reversed for the reason that the evidence is wholly insufficient to support the finding of the trial court that "at all times since the date of said lease said defendants have been and now are in possession of said property described in said lease" since, the evidence, he says, conclusively shows that two lumber carriers listed in the inventory of equipment were never on the premises.

On the premise that the contract was breached in the above particular, appellant further contends that by accepting possession of a portion of the personal property he became liable only for the reasonable rental value of the property actually occupied by him and is entitled to recover damages suffered by him by reason of the failure of the lessor to place him in possession of all of the leased property.

The general rule as stated in 52 Corpus Juris Secundum 234, section 478, is that "The duty of the landlord to deliver possession of the demised premises to the tenant, in order to entitle him to the payment of rent, does not extend to the point of requiring actual delivery, and his covenant is

satisfied if there is no impediment to the tenant's taking possession or if the tenant is given a legal right of entry and enjoyment during the term." (See, also, *Playter* v. *Cunningham*, 21 Cal. 229; *McCormick* v. *Marcy*, 165 Cal. 386 [132 P. 449]; *Carty* v. *Blauth*, 169 Cal. 713 [147 P. 949]; *Platner* v. *Vincent*, 187 Cal. 443 [202 P. 655].) ▇ It is also the rule that "a lessee cannot relieve himself from liability for rent to accrue under an executed lease for a definite term either by refusing to take possession of the premises or by abandoning the premises after he has taken possession." (32 Am.Jur. 389, § 475.)

If Thayer, as lessor, performed the duty placed upon him by the above general rule, the finding that McEwen was in possession of the leased property must be sustained since it necessarily follows that under the stated rule and the record before us any failure to have taken actual corporeal possession must be deemed to have been his alone.

Nowhere in the record do we find any evidence of an impediment being placed in the way of appellant's taking possession of the premises; in fact the evidence shows without contradiction that McEwen was peacefully let into possession and occupation of the premises along with Stover, the continuing lessee, and that they proceeded with construction of the new mill.

All parties concede that the carriers and the other items of equipment were on the premises at the time Stover and Fredericks went into possession under the lease of July 20, 1946, and although McEwen's attack is directed primarily at the absence of the two lumber carriers from the premises on the date he became lessee, the record shows other items of equipment, specifically two planers, which likewise were included in the inventory, were also not on the premises on said date. The evidence also shows, undeniably, that all of the equipment removed from the premises had been so removed at the instance of either Fredericks or Stover, the lessees under the prior lease, and that McEwen was informed of and knew the whereabouts of each of these removed items of personal property. Specifically Stover had taken one of the planers to the city of Oakland for repairs and the second planer was taken to another lumber mill. Both of these items, which were usable in the new mill, were brought back to the premises by McEwen and installed therein, and as to them no contention is made that he was not placed in possession thereof. The record as to the carriers shows that Stover placed one carrier

in a garage in Longvale to be repaired, at which time he authorized the garageman to take whatever parts were needed for such repairs from the second carrier which was standing on the railroad right of way immediately adjacent to the mill property. Thayer testified that McEwen never requested to be placed in manual custody of either of the lumber carriers (even assuming the lessor had a duty to personally deliver same to the lessee under the circumstances here disclosed); that to the contrary McEwen informed him that he (McEwen) had no use for the carrier and that he (Thayer) could get it from the garage and do whatever he wanted with it if he wished to do so, and that such repossession by Thayer was prevented by the garageman's assertion of a lien thereon for the repair work done. There is further evidence that the mill as reconstructed by McEwen required larger lumber carriers, to wit, 66-inch instead of the 42-inch ones used in the old mill and also that the old carriers could not be utilized in the new mill.

It should also be noted that the lease, which appellant testified he read and then signed, contains the following paragraph:

"The party of the second part has examined and knows the condition of said premises, and has received the same in good order and repair, and that no representations as to the condition or repair thereof, have been made by the party of the first part prior thereto, or at the execution of this agreement."

Also the "Inventory of Equipment on the Property of W. A. Thayer at Longvale, California, leased by McEwen and Stover," which was attached to the lease sets forth in detail the equipment in question. At the bottom thereof the following statement appears in part:

"I checked the items over several times and believe it to be as accurate as possible. . . .

McEwen & W. E. Stover
William E. Stover"

Bearing in mind the rule that the lessor satisfies his duty to deliver possession of leased premises "if there is no impediment to the tenant's taking possession or if the tenant is given a legal right of entry and enjoyment during the term" and that a "lessee cannot relieve himself from liability" for rent under a lease for a definite term "by refusing to take possession" of the premises, we must hold the above evidence fails to show any default on the lessor's part concerning such duty and therefore the finding of the lower court

that the lessee was in possession of the leased property must be sustained. From the evidence it cannot be said that Thayer placed any impediment in appellant's path which prevented his taking possession of all of the leased property, and it appears that he did in fact take possession of the realty and also of the equipment Stover had removed from the premises and for which he had use in the new mill. These facts conclusively demonstrate that had he chosen to do so he could have brought all of the removed equipment back to the premises. ▉ The fact that a lien was being asserted against the carrier Stover had placed in the garage for repairs thereon cannot affect appellant's responsibility for the rent since the garageman asserting same holds under Stover, appellant's colessee, and not under Thayer or respondent.

Appellant also contended that even conceding that all of the equipment in dispute was on the premises on July 20, 1946, the date of the old lease, and that Stover was placed in possession thereof, that fact is of no importance because the lease of March 1, 1947, is an entirely new lease and the possession by Stover of the equipment under the old lease is not the possession of appellant McEwen under the new lease.

While a discussion of such contention is wholly unnecessary in view of our decision that the appellant must be charged with possession of the equipment in his own right, the contention is not well founded. Whatever may have been the relationship of Stover and McEwen under their lease, the appellant would still have been liable for the rent. ▉ The execution of the renewal lease did not operate to interrupt the possession of Stover, the lessee under both leases. (See *Ely* v. *Collins,* 45 Misc. 255 [92 N.Y.S. 160]; 51 C.J.S. 969, § 308; C.C. 3528.) ▉ Therefore, it is immaterial whether Stover and McEwen be considered as colessees, in which case Stover's possession, whether actual or constructive, was possession for both (*Barrow* v. *Simon,* 2 Cal.App.2d 500 [38 P.2d 197]), or as partners, in which case a like rule applies since "the possession of partnership property by one partner is the possession of all the partners." (68 C.J.S. 527, § 87.)

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied July 3, 1952.