[Civ. No. 17579.  First Dist., Div. One.  Feb. 18, 1958.]

C. E. SCHMITT, Respondent, v. EDWARD I. FELIX et al., Defendants; MAURICE C. COHN et al., Appellants.

Charles M. Stark, Paul W. McComish, Rhein, Dienstag & Levin and Jay Jackson for Appellants.

Samuel M. Samter and Bertrand A. Bley for Respondent.

BRAY, J. — Plaintiff recovered judgment of $4,208.27 against all defendants. Defendants Cohn and Zipkin appeal.

### QUESTIONS PRESENTED

1. Does holding over by one lessee bind other lessees not in possession (a) as to an extended term of the lease, and (b) as to a month to month tenancy thereafter.

2. Effect of notices of termination of tenancy.

### STIPULATED FACTS

Plaintiff C. E. Schmitt and his wife, Edith M. Schmitt, entered into a lease with the three defendants for a period of one year ending March 31, 1953, rental $475 per month. The lease granted lessees an option for an additional year after March 31, 1953, on the same terms and conditions. Defendant Felix remained in actual physical possession and occupied the premises through January 19, 1955. Defendant Cohn at no time was in physical possession or occupied the premises. Defendant Zipkin was not in physical possession or occupancy of the premises after September, 1953. The rent was paid to May 1, 1954. The unpaid rent was $4,208.27, the amount of the judgment.

No notice of exercise of the option was given. However, defendants Felix and Zipkin remained in possession at the end

of the original term, Felix for the entire term provided by the option, Zipkin for the first six months thereof. The rental paid was $475 per month during the extended period and $500 thereafter as provided in the holding over provision hereafter quoted.

1. (a) *The Extended Term.*

Although the rental was paid in full for the extended term, it nevertheless becomes necessary to consider defendant Cohn's contention that because at no time and particularly at the end of the original term was he physically in possession of the leased premises his liability terminated at the end of the year and he is not bound by the fact that his colessees continued in possession.

██ The lease provided: "The Lessees are granted an option for an additional term of one (1) year after March 31st 1953 on the same terms and conditions herein set forth." A written exercise of an option of this kind is not necessary. Payment by the tenant of the rental provided in the lease and its acceptance by the landlord constitutes an exercise of the option. (*Café Apollo Co.* v. *Anselm,* 47 Cal.App.2d 151, 155 [117 P.2d 691].) Whether a colessee out of possession is bound by the action of his colessees in exercising such an option has not clearly been decided in this state. There are authorities elsewhere holding that the colessee is not bound. See *Foster* v. *Stewart* (1921), 196 App.Div. 814 [188 N.Y.S. 151] which expressly refused to follow *Fronty* v. *Wood,* 2 Hill (S.C.) 367, which held to the contrary; *Tweedie* v. *P. E. Olson Hardware & Furniture Co.* (1905), 96 Minn. 238 [104 N.W. 895] to that effect, and *Kleros Building Corp.* v. *Battaglia* (1952), 348 Ill.App. 445 [109 N.E.2d 221] and *Howell* v. *Behler* (1896), 41 W.Va. 610 [24 S.E. 646] holding that the lessor is not bound by the exercise of an option to renew by one colessee only. However, the theory of these cases seems to be that on the exercise of the option to renew a new agreement came into existence. ██ In California, however, the exercise of the option is not considered to make a new agreement but merely the extension of the original term of the lease. ". . . where a lease gives an option to the lessee 'to renew' the lease for a specified term without requiring the execution of a new lease, the extension is a continuation of the tenancy under the original lease. [Citations.]" (*Knox* v. *Wolfe* (1946), 73 Cal.App.2d 494, 502 [167 P.2d 3]; see also *Howell* v. *City of Hamburg Co.* (1913), 165 Cal. 172, 177 [131 P. 130].)

646

■ "A colessee of real property is a tenant in common of the leasehold interest. The possession of one cotenant is possession for all. [Citations.]" (*Barrow* v. *Simon*, 2 Cal.App.2d 500, 503 [38 P.2d 197].) See also *Reynolds* v. *McEwen* 111 Cal.App.2d 540, 544 [244 P.2d 961], dealing with the defendant McEwen's contention that under a new lease given in cancellation of the old one, he never was in possession of all the property leased. There the court said (p. 545) : ". . . it is immaterial whether Stover and McEwen be considered as colessees, in which case Stover's possession, whether actual or constructive, was possession for both [citations] or as partners . . ."

■ Therefore, as an option to renew may be exercised by a tenant remaining in possession and paying the rent, as such renewal is merely an extension of the original term and is not a new agreement, and as the possession of one colessee is that of the other colessee, defendant Cohn was constructively in possession at the time of the extension of the lease and was therefore bound by his colessees' acts.

(b) *Month to Month Tenancy.*

At the time of the termination of the extended term neither defendants Cohn nor Zipkin were in physical possession.

The holding over clause provides: "Any holding over after the expiration of the said term, including that covered by the option, with the consent of Lessor, shall be construed to be a tenancy from month to month, at a rental of Five Hundred - - - ($500.00) Dollars a month, and shall otherwise be on the terms and conditions herein specified, so far as applicable."

For the reasons above mentioned defendants Cohn and Zipkin were constructively in possession at the end of the extended term of the lease and therefore they would be liable for the rent during the month to month tenancy, unless they terminated their respective tenancies. ■ As in the case of the exercise of the option to renew, a holding over at the end of the term of the lease as extended did not create a new agreement but merely an extension of the original term. "When a tenant under a lease remains in possession of the leased premises with the permission of the lessor from month to month after the term expires a new tenancy is not created but the original tenancy is deemed to have been extended [citation] . . ." (*Knox* v. *Wolfe, supra,* 73 Cal.App.2d at p. 502.)

It is true as contended by defendants that liability for rent arises in one of two ways, either from a contractual agreement with the property owner or by actual occupancy of the premises with the owner's consent, and that the first provides "privity of contract," the other provides "privity of estate" (see *Samuels* v. *Ottinger,* 169 Cal. 209 [146 P. 638, Ann.Cas. 1916E 830] ; *Ross* v. *City of Long Beach,* 24 Cal.2d 258, 263 [148 P.2d 649]), and that possession is essential to the relation of landlord and tenant (see *Caldwell* v. *Gem Packing Co.,* 52 Cal.App.2d 80, 84 [125 P.2d 901]), and that where a lease has a "hold-over" provision the continued occupancy of the premises after the termination of the term of the lease changes the relationship of the parties from a lessor-lessee relationship to that of landlord and tenant, and the occupancy is then regulated by the "hold-over" provision (see *Spaulding* v. *Yovino-Young,* 30 Cal.2d 138, 141 [180 P.2d 691]).

Nevertheless, as the occupancy at the beginning of the "hold-over" term constitutes an extension of the lease term, that occupancy is the same occupancy as existed at the end of the lease term. In the absence of notice to the landlord of any change in that occupancy or of circumstances putting him on notice of that change, the original occupancy continues, even though it be a constructive occupancy.

The court allowed rental for that portion of the hold-over period running from May 1, 1954 (the date to which the rent had been paid), to January 31, 1955. This brings us to the questions of

2. *The Effect of the Notices.*

(a) The Zipkin Notice.

On October 12, 1953, defendant Zipkin wrote plaintiff a letter stating that he was no longer connected with "the Felix Company, occupying your premises." The extended term of the lease did not terminate until March 31, 1954. While this notice could in nowise affect defendant Zipkin's liability under the extended term, it did at least put plaintiff on notice that at the expiration of the term defendant Zipkin would not be holding over and it would be incumbent on plaintiff to decide whether or not he would be satisfied to permit his cotenants to hold over. Plaintiff takes the position both as to defendant Zipkin and defendant Cohn, whose situation will be discussed hereinafter, that they could not terminate the month to month tenancy until their cotenant

Felix surrendered possession. Such an interpretation of the law would place one cotenant forever at the mercy of a fellow cotenant and a landlord. ■ There are no proceedings which a cotenant out of possession could bring against his cotenant to force the latter to surrender the premises to the landlord. Only the landlord could do that. ■ Once a cotenant in a month to month tenancy gives notice to the landlord of his termination of the tenancy, he cannot be held liable for his cotenant's remaining in possession. Upon receipt of such notice the landlord is put to the choice of either accepting the cotenant as his tenant alone, or of terminating the tenancy. While Zipkin's notice was not as formal as the notice mentioned in section 1946, Civil Code, it did notify plaintiff long before the termination of the lease that in effect he was no longer connected with his colessees and would not remain in possession after the termination of the lease. Therefore, the judgment as to him must be reversed except as to the sum of $181.28 excess of taxes for the year 1953-54 which the lease required the lessees to pay. The findings and judgment are amended accordingly.

(b) The Cohn Notice.

■ Plaintiff served upon defendant Cohn, as well as on defendants Zipkin and Felix, two notices to quit, one dated June 30 and the other August 18, 1954. Thereafter defendant Cohn served upon plaintiff a 30-day notice of termination of tenancy dated August 26, 1954, and notifying plaintiff that pursuant to the notice to quit, defendant would quit and deliver up possession of the premises, which he had never occupied, on September 30, 1954. It further stated that tender of the premises was made effective at once. This notice fully complied with section 1946, Civil Code. Thus defendant Cohn did all he could do to comply with plaintiff's notice to quit and to terminate his tenancy. Therefore, he cannot be held liable for rental subsequent to September 30, 1954. The findings and judgment will have to be amended accordingly. Inasmuch as this requires only a matter of computation, we deem it advisable to exercise the power given us by section 956a, Code of Civil Procedure. The period for which defendant Cohn is liable is May 1 to September 30, 1954. Five months at $500 per month equals $2,500. To this should be added $181.28 excess of taxes for 1953-54—total $2,681.28. The findings and judgment are amended accordingly.

The judgment is reversed except as follows: Judgment in

favor of plaintiff and against defendants Zipkin and Cohn in the sum of $181.28, and against defendant Cohn in the sum of $2,500 is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.