**Brenda Lewellen BOCKELMANN, Petitioner,**

v.

**Samuel P. MARYNICK, et ux., Respondents.**

No. C–8995.

Supreme Court of Texas.

April 25, 1990.

Gordon Bogen, Jeffrey M. Gaba, William V. Dorsaneo, III, Elizabeth G. Thornburg, Dallas, Mike Hatchell, Tyler, for petitioner.

Andrew Barr, Dallas, for respondents.

## OPINION

PHILLIPS, Chief Justice.

The issue in this appeal of a landlord-tenant dispute is whether a tenant who has vacated the leased premises before the end of the term is liable for rent and repairs accruing during a cotenant's holdover tenancy. The court of appeals held that the tenant is liable unless the tenant gives notice to the landlord that he or she ceases to hold the leased premises. 773 S.W.2d 665. We reverse the judgment of the court of appeals and render judgment for the vacating tenant, holding that one tenant is not jointly liable for the holding over of another.

Brenda Bockelmann and her then husband, Hermann Bockelmann, rented one side of a duplex from Samuel and Sharon Marynick for several years. Their last written lease was jointly executed in 1984, for a twelve-month term ending on February 28, 1985. The lease included the following holdover provision:

> Should Tenant remain in possession of the demised premises with the consent of Lessor after the natural expiration of this lease, a new tenancy from year to year shall be created between Lessor and Tenant which shall be subject to all the terms and conditions hereof but shall be terminable by 60 days notice.

Ten days before the lease expired, Brenda separated from her husband and vacated the premises.

After the lease expired, Hermann remained in possession of the duplex and continued to pay rent. During part of 1985, however, Hermann was unable to pay his rent. Hermann and Samuel agreed, in writing, to a "loan" that suspended Hermann's rent payments for seven months and required repayment with interest. Hermann resumed his rent payments in November 1985 and began making loan payments in January 1986.

At the conclusion of the first holdover year, Hermann again retained possession of the duplex. He continued to make both rent and loan payments through June 1986, when he defaulted on both obligations. At the insistence of the Marynicks, Hermann vacated the duplex on September 7, 1986.

The Marynicks brought suit against Hermann and Brenda to recover unpaid rent, the expense of repairs, and the balance due under the loan contract. The trial court rendered summary judgment for the Marynicks against Hermann but ordered that they take nothing against Brenda. The Marynicks appealed from the take-nothing judgment against Brenda. The court of appeals, with one justice dissenting, affirmed in part and reversed in part. The court agreed that Brenda was not liable under the loan contract, thus affirming part of the trial court's judgment.[1] How-

---

1. The Marynicks have not perfected an appeal to this court and no issues concerning Brenda's liability for the debts of her former husband are before us. We have therefore limited considera-

ever, the court reversed the remainder of the trial court's judgment, holding that Brenda was liable for unpaid rent and repairs because her "joint obligations under the lease continued through the first and second holdover terms by virtue of Hermann's holding over." 773 S.W.2d at 673.

Although this issue is one of first impression in this state, it has been addressed by at least four other jurisdictions. The earliest reported decision was by the South Carolina Supreme Court, which held that when a lease is executed by two tenants jointly and only one occupies after expiration of the term, the law will presume that both tenants are holdovers unless the tenant not in actual possession gives notice to the landlord that he or she ceases to hold. *Fronty v. Wood*, 20 S.C.L. (2 Hill) 367 (1834). The court below relied on this decision. The Supreme Court of Arizona and an appellate court in New York, however, have rejected the South Carolina presumption, holding instead that one tenant cannot be involuntarily bound to a new tenancy by the acts of another. *Mosher v. Sabra*, 34 Ariz. 536, 541, 273 P. 534, 535 (1929) (the contract arising from a holdover is between the tenant continuing to occupy the premises and the landlord; the cotenant not in possession is not liable simply because he or she jointly leased the premises); *Foster v. Stewart*, 196 A.D. 814, 816, 188 N.Y.S. 151, 152 (App.Div.1921) (a cotenant cannot, by the act of holding over, exercise an option to renew and thereby create a new contract which would bind a cotenant not in possession). More recently, a California intermediate court followed *Fronty v. Wood* and distinguished the Arizona and New York decisions by concluding that California treats a holdover tenancy as an extension of the original agreement rather than a new tenancy. *Schmitt v. Felix*, 157 Cal.App.2d 642, 645, 321 P.2d 473, 475 (1958) (a cotenant who vacates remains in constructive possession of the premises by virtue of the other cotenant's continuing occupancy and, in the absence of notice to the landlord of any change in the occupan-

tion of Brenda's liability to her status as a ten-

cy of the premises, may be bound as a holdover).

 The court below held that notice was required in order to terminate Brenda's continuing obligations under the joint lease. We disagree. The lease created a tenancy for a definite term (a tenancy with a specified beginning and ending date). The general rule is that a tenancy for a definite term does not require a tenant to give notice in order to terminate the tenancy, because a tenancy for a definite term simply expires at the end of the contract period. *Barragan v. Munoz*, 525 S.W.2d 559, 562 (Tex.Civ.App.—El Paso 1975, no writ); Restatement (Second) of Property *Landlord & Tenant* § 1.4 comment e (1977) ("a tenancy for a fixed or computable period of time expires without notice at the end of the period"); *cf.* Tex.Prop.Code Ann. § 91.001 (Vernon 1984) (specifying notice for termination of tenancies from month to month or "periodic" tenancies). The tenancy created under this lease thus terminated regardless of notice and regardless of whether either tenant vacated.

A tenant who remains in possession of the premises after termination of the lease occupies "wrongfully" and is said to have a tenancy at sufferance. *Robb v. San Antonio St. Ry.*, 82 Tex. 392, 395, 18 S.W. 707, 708 (1891); *International & G.N.R. Co. v. Ragsdale*, 67 Tex. 24, 28, 2 S.W. 515, 517 (1886). Under the common law holdover rule, a landlord may elect to treat a tenant holding over as either a trespasser or as a tenant holding under the terms of the original lease. *Howeth v. Anderson*, 25 Tex. 557, 572 (1860). The lease incorporated this rule of holdover, providing that, if the landlord consents, a "new tenancy" would be created if the tenant remained in possession beyond expiration of the lease. The lease stated that this new tenancy would be subject to the same terms and conditions as the original tenancy, except that the holdover tenancy would be "from year to year ... terminable by 60 days notice." Thus, under the express terms of the lease, this holdover tenancy was a new tenancy rather than an extension or renewal of the origi-

ant holding jointly under the lease.

nal lease.[2] Therefore, Hermann's holdover tenancy was not, as the court below held, a continuation of the original tenancy he held jointly with Brenda, but was rather a new tenancy for which he alone was liable.

 The court of appeals bound Brenda to this new tenancy by presuming that a holding over by Hermann was also a holding over by Brenda, absent notice to the contrary. However, a presumption that one cotenant's holding over binds another cotenant is contrary to the general principles of cotenancy under Texas law. The relationship of cotenancy exists only so long as the parties own rights in common property. *Corn v. First Texas Joint Stock Land Bank,* 131 S.W.2d 752, 758 (Tex.Civ. App.—Fort Worth 1939, writ ref'd); *cf. Reed v. Turner,* 489 S.W.2d 373, 381 (Tex. Civ.App.—Tyler 1972, writ ref'd n.r.e.) (a present right of possession is an essential element of cotenancy). At the moment the original lease expired, neither Hermann nor Brenda had any legal right to possession of the duplex, and their relationship as cotenants was extinguished. Because they were no longer cotenants, there was no basis from which to presume a joint holding over. Moreover, under Texas law, "each owner in a co-tenancy acts for himself and no one is the agent of another or has any authority to bind him merely because of the relationship." *Lander v. Wedell,* 493 S.W.2d 271, 274 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). Thus, where a lease contains an option to renew, one tenant may not unilaterally exercise that option and bind nonconsenting cotenants. *Id.; accord Foster,* 196 A.D. at 816, 188 N.Y.S. at 152. Since Texas does not permit Hermann to renew the lease for another term on Brenda's behalf, it similarly should not presume that he was authorized to hold over on her behalf.

2. The idea that a holdover tenancy might constitute a continuation of the prior tenancy is inconsistent with both the fact that the former lease has expired and the rule that the holdover tenancy is imposed by law without regard to the tenant's intention. 1 A. Casner, *American Law of Property* § 3.35 (1952); *cf. Peoples Trust Co. v. Oates,* 68 F.2d 353 (4th Cir.1934) (applying

Accordingly, the judgment of the court of appeals is reversed, and we render judgment that the Marynicks take nothing.

West Virginia law); *Edward Hines Lumber Co. v. American Car & Foundry Co.,* 262 F. 757 (7th Cir.1919), *cert. denied,* 251 U.S. 557, 40 S.Ct. 179, 64 L.Ed. 412 (1920) (applying Illinois law); *Smith v. Pritchett,* 168 Md. 347, 178 A. 113 (1935); *contra Schmitt,* 157 Cal.App.2d at 646, 321 P.2d at 476.