**EDG PROPERTY MANAGEMENT, INC., Appellant**

v.

**Karim RATNANI, Appellee.**

**No. 05–08–00110–CV.**

Court of Appeals of Texas, Dallas.

March 19, 2009.

Kirk L. Pittard, F. Leighton Durham, Cheyenne J. Robertson, Durham & Pittard, LLP, Frank E. McLain, Frank E. McLain, P.C., Dallas, TX, for Appellant.

Marcel M. Weiner, Weiner, Glass & Reed, L.L.P., Kent F. Brooks, Law Office of Kent F. Brooks, Dallas, TX, for Appellee.

Before Chief Justice THOMAS and Justices MORRIS and FRANCIS.

## OPINION

Opinion by Justice MORRIS.

This appeal follows a trial of a lawsuit brought by a commercial tenant to recover his lease security deposit retained by his landlord. EDG Property Management, Inc., the landlord, challenges the trial court's judgment in favor of the tenant, Karim Ratnani. In two issues, EDG generally contends that the trial court erred in finding that Ratnani surrendered the leased premises on October 31, 2004 and that EDG violated chapter 93 of the Texas Property Code in bad faith. For the reasons that follow, we affirm the trial court's judgment.

### I.

On June 29, 1999, EDG and Ratnani executed a commercial lease agreement for retail space out of which Ratnani operated a "dollar store." The lease term was from October 15, 1999 to October 14, 2004. In accordance with the lease, Ratnani tendered to EDG a $10,000 security deposit. In 2000, Ratani sold the inventory and fixtures of the dollar store business to Suleman Moosa, and Moosa continued to operate the leased premises as a dollar store. Shortly after the sale, Ratnani requested EDG transfer the lease to Moosa. EDG refused his request. But on November 1, 2002, Moosa, Ratnani, and EDG signed another lease for the same leased premises naming "Suleman S. Moosa/Dollar Store, Karim Ratnani/Platinum, Inc." as "Tenant."

The term of the 2002 lease began November 1, 2002 and ended October 31, 2004. After October 31, 2004, Moosa continued to operate the dollar store from the leased premises. On February 1, 2005, Ratnani's attorney wrote to EDG asserting that Ratnani's tenancy had terminated and requesting the return of his security deposit. EDG did not respond to the Febru-

ary 1 request. Moosa vacated the leased premises on January 31, 2006. On February 24, 2006, Ratnani's attorney wrote to EDG again requesting the return of the security deposit. EDG responded to Ratnani's February 24 request by letter dated March 30, 2006. The response contained an itemized list of damages and charges to which EDG applied Ratnani's entire $10,000 security deposit.

Ratnani filed this lawsuit asserting EDG wrongfully withheld his security deposit. He sought statutory damages and attorney's fees pursuant to section 93.011 of the Texas Property Code. Ratnani alleged EDG failed either to return his security deposit or provide a written description and itemized list of deductions on or before the 60th day after Ratnani surrendered the premises on October 31, 2004 and gave EDG notice of his forwarding address. Ratnani also alleged that after Moosa surrendered the premises on January 31, 2006 and he reasserted his demand for the return of his security deposit, EDG submitted a "fabricated itemization of charges" for repairs to the premises to which it claimed to have applied Ratnani's security deposit. EDG filed an answer to Ratnani's lawsuit and a counterclaim seeking recovery for damages to the premises. After a trial before the court without a jury, the trial court signed a judgment in favor of Ratnani on his affirmative claims and against EDG on its counterclaim. EDG appeals the trial court's judgment on Ratnani's affirmative claims only.

## II.

■ In both of its issues, EDG generally argues that because the evidence conclusively established the leased premises were not surrendered until February 2006, Ratnani did not establish that EDG, in bad faith, violated any provision of chapter 93 of the Texas Property Code. As EDG acknowledges, however, chapter 93 establishes two distinct causes of action for a

tenant seeking the return of his security deposit. *See* TEX. PROP.CODE ANN. § 93.011 (Vernon 2007). The first cause of action involves the landlord's bad faith retention of the security deposit. *Id.* § 93.011(a). The second cause of action involves the landlord's bad faith failure to account for the security deposit. *Id.* § 93.011(b). Moreover, the landlord has the burden to prove the retention of any portion of the security deposit was reasonable. *Id.* § 93.011(c).

EDG's arguments on appeal are based entirely on its assertion that because Ratnani did not surrender the premises on October 31, 2004, the trial court could not have entered a judgment in his favor. We disagree. The trial court made specific findings that Moosa operated the leased premises as a dollar store until January 31, 2006, that Ratnani reasserted his demand for his security deposit on February 24, 2006, that EDG has refused, and continues to refuse, to return any portion of Ratnani's security deposit, that EDG in a letter dated March 30, 2006 asserted it used the security deposit to offset alleged damages and charges totaling $19,796.79 as itemized in an attachment to the letter, and that EDG wrongfully withheld Ratnani's security deposit.

■ Irrespective of whether EDG had a statutory duty to return or account for Ratnani's security deposit within sixty days of October 31, 2004, there is no dispute that after Moosa vacated the premises on January 31, 2006, EDG's statutory obligation to refund or account for the use the security deposit was triggered. Although EDG's March 30 letter included an itemized list of repairs and charges to which it claimed to have applied the $10,000 security deposit, EDG had the statutory burden of proving that its retention of Ratnani's security deposit was reasonable. *See id.* § 93.011(c). The trial court found EDG failed to meet this bur-

den, and EDG has not challenged this finding.[1] This finding, as well as the additional findings noted above, support a cause of action based on EDG's wrongful retention of the security deposit after Ratnani's second demand letter. We are bound by these unchallenged findings unless the contrary is established by law or there is no evidence to support them. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex.1986). Having reviewed the record, we determine that some evidence supports these unchallenged findings. Be-

cause the trial court's judgment can be supported on the theory that EDG, in bad faith, wrongfully withheld the security deposit after Moosa vacated the premises, EDG has not established reversible error in connection with the trial court's judgment.

We affirm the trial court's judgment.

---

1. Although the specific finding appears in the trial court's "conclusions of law," it is a fact finding and we treat it as such because the trial court's designation is not controlling on appeal. *See Ray v. Farmers' State Bank of Hart,* 576 S.W.2d 607, 608 n. 1 (Tex.1979).