**Affirmed and Opinion Filed February 28, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00778-CV

**HARRY HINES MILLENNIUM MARKET PLACE, LLC, Appellant**
**V.**
**PAWN TX, INC. F/K/A FIRST CASH, LTD., Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-02585**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

The case involves a commercial lease dispute. Appellant Harry Hines Millenium Market Place, LLC (Harry Hines) contends appellee Pawn TX, Inc. f/k/a First Cash, Ltd. (Pawn TX) failed to vacate the premises at the end of the lease and became a holdover tenant for two months. Harry Hines appeals the summary judgment dismissing its breach of contract action and the judgment in favor of Pawn TX on its Chapter 93 counterclaim for bad faith retention of Pawn TX's security deposit. We affirm.

## BACKGROUND

This case involves a lease of commercial property located at 11250 Harry Hines Boulevard, Dallas, Texas 75229 (the Property). The original parties to the Lease were Harry Hines as landlord and National Jewelry Exchange, Inc. (National Jewelry) as tenant. In 2009, National Jewelry assigned the Lease to First Cash Ltd. n/k/a Pawn TX, Inc. Following the assignment, Pawn TX operated a pawn shop business at the Property. The Lease term ended on May 31, 2013. The Lease, however, included two separate five-year option periods through which the parties had the option to extend the lease term. On January 23, 2013, Harry Hines and Pawn TX triggered the first option period, amended the Lease, and extended the lease term from June 1, 2013, to May 31, 2018. As the Lease neared the end of its term, Pawn TX attempted to negotiate a lower monthly rent payment. Negotiations were unsuccessful, and Pawn TX decided to relocate its business to a different location (the New Property). Pawn TX made its last monthly lease payment to Harry Hines on May 1, 2018, in the amount of $10,639.18. According to Mike McCollum, Pawn TX's district manager, Pawn TX "vacated and surrendered" the Property to Harry Hines on May 31, 2018.

Pawn TX transmitted a "Notice of Forwarding Address and Demand for Security Deposit" (the Notice and Demand) to Harry Hines on July 12, 2018. In the Notice and Demand, Pawn TX requested that Harry Hines return Pawn TX's security deposit of $9,252.00 and provided its forwarding address to which the deposit could

–2–

be mailed. Harry Hines did not return the security deposit. Pawn TX sent additional demands for the return of its security deposit on July 22, 2019, August 14, 2019, and April 24, 2020. Harry Hines has not returned the security deposit.

On February 14, 2020, Harry Hines filed the underlying lawsuit for breach of contract against Pawn TX. Harry Hines alleged in its petition that Pawn TX "failed to vacate the premises and remained in possession of the Demised Premises for an additional two (2) months" and owed Harry Hines $31,919.40 in holdover rent pursuant to Section 18.1 of the Lease, which provides:

> In the event Tenant remain [sic] in possessions [sic] of the Demised Premises after the expiration of this lease and without the execution of a new lease it shall be deemed to be occupying said premises as a tenant from months to months [sic] at rental (including any percentage rental) herein provided plus fifty percent of such amount otherwise subject to all the conditions, provisions and obligations of this lease insofar as the same are applicable to months-to month tenancy.

Pawn TX filed a general denial and, on July 21, 2020, filed counterclaims for breach of contract and bad faith failure to return the security deposit in violation of Chapter 93 of the property code. Pawn TX sought actual damages in the amount of its security deposit and statutory damages of $27,856.00.

On May 7, 2021, Pawn TX moved for summary judgment on its counterclaims and on Harry Hines's breach of contract claim. Pawn TX's motion as to Harry Hines's breach of contract claim was a hybrid motion alleging both no evidence and traditional grounds. Pawn TX argued (1) there was no evidence Pawn TX breached the lease, and (2) Pawn TX owed no holdover rent as a matter of law because the

evidence conclusively established Pawn TX vacated the premises before the lease expiration date. Pawn TX's motion on its Chapter 93 counterclaim was a traditional motion for summary judgment in which Pawn TX argued Harry Hines acted in bad faith by failing to return the security deposit. Pawn TX included the following evidence in support of its motions: the Lease, the 2009 assignment, the Notice and Demand, the three additional letters and emails to Harry Hines demanding return of the security deposit, Harry Hines's responses to interrogatories and requests for production, the Declaration of Mike McCollum, Pawn TX's District Manager, the Declaration of Robert Epley, Pawn TX's Construction Coordinator, a general ledger report, documentation concerning the New Property, and an attorney's fees affidavit.

In response to an interrogatory asking Harry Hines to identify the date on which it contends Pawn TX surrendered the Property, Harry Hines stated that Pawn TX surrendered the Property "on or about August or September 2018." In response to an interrogatory asking Harry Hines to identify all facts to support its contention that Pawn TX failed to vacate the premises at the end of the Lease and became a holdover tenant for two months, Harry Hines stated "Pursuant to the terms of the Lease, Pawn TX, Inc. was to surrender possession to the Premises by June 1, 2018. Pawn TX, Inc. did not surrender the Premises until August or September 2018." In its responses to requests for production, Harry Hines stated it found no responsive documents of (1) demands Harry Hines made on Pawn TX for holdover rent, (2) correspondence between Harry Hines and Pawn TX regarding Pawn TX's surrender

of the Property, and (3) documents Harry Hines contends establish the date Pawn TX vacated the Property.

Harry Hines responded to the motions for summary judgment. The only evidence filed in support of its response was the two-page affidavit of Shazeb Daredia, the sole manager and director of Harry Hines. In the affidavit, Daredia made the following statements concerning the alleged holdover of Pawn TX after the Lease expired:

- "On expiration of the lease term, Pawn TX., Inc. failed to vacate the premises and remained in possession of the Property for an additional two (2) months."

- "At the time of holdover by Defendant, the monthly rent was $10,639.80 per month."

- "In accordance with the terms of the Lease, Pawn TX., Inc. owed Harry Hines Millennium Market Place, LLC rent in the amount of $15,959.70 per holdover month."

- "The total past due balance owed by Pawn TX., Inc. to Harry Hines Millennium Market Place, LLC pursuant to the Lease, as amended, is $31,919.40."

- "Harry Hines Millennium Market Place, LLC made demand on Pawn TX., Inc. for payment of holdover rent prior to the filing of this suit without success."

On June 10, 2021, the trial court granted summary judgment for Pawn TX, dismissed Harry Hines's breach of contract claim with prejudice, and rendered judgment for Pawn TX on its Chapter 93 counterclaim for bad faith retention of Pawn TX's security deposit. The trial court awarded Pawn TX actual damages of $9,252.00, Chapter 93 statutory damages of $27,856.00, attorney's fees of

–5–

$6,840.00, and conditional appellate fees. Harry Hines filed a "Motion for New Trial and, Alternatively Motion for Reconsideration of Final Summary Judgment." The trial court denied the motion for new trial, granted the motion for consideration in part, and amended its June 10, 2021 summary judgment order to reduce the award of actual damages to $100.00. Harry Hines appealed.

## STANDARD OF REVIEW

Orders granting summary judgment are reviewed de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If no grounds are specified for the ruling, we must affirm on any meritorious grounds on which judgment was requested. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). A defendant is entitled to summary judgment if it conclusively negates an essential element of the plaintiff's case or conclusively establishes all necessary elements of an affirmative defense. *Thomas v. Omar Inv., Inc.*, 129 S.W.3d 290, 292–93 (Tex. App.—Dallas 2004, no pet.); *Pollard v. Hanschen*, 315 S.W.3d 636, 638 (Tex. App.—Dallas 2010, no pet.). A plaintiff or counter-plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *Meyerhoff v. Pac. Union Fin., LLC*, No. 02-18-00393-CV, 2019 WL 5089760, at *3 (Tex. App.— Fort Worth Oct. 10, 2019, no pet.) (first citing TEX. R. CIV. P. 166a(a), (c), and then citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986)); *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 822 (Tex. App.—Fort Worth 2008, no pet.) (same).

The legal sufficiency standard that governs directed verdicts also governs no-evidence summary judgment motions. *RTLC AG Prods., Inc. v. Treatment Equip. Co.*, 195 S.W.3d 824, 829 (Tex. App.—Dallas 2006, no pet.). To defeat a no-evidence motion for summary judgment, the non-movant must produce evidence regarding each challenged element of each challenged claim that "would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v Ridgeway*, 135 S.W.3d 598, 601 (Tex. 2004); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch*, 118 S.W.3d at 751 (internal quotation omitted). In reviewing a no-evidence summary judgment, we consider evidence in the light most favorable to the non-movant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *De La Cruz*, 526 S.W.3d at 592.

With respect to a traditional motion for summary judgment, we require the movant to demonstrate the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant

satisfies this burden, to avoid summary judgment the nonmovant then bears the burden of demonstrating a genuine issue of material fact. *Lujan*, 555 S.W.3d at 84. We credit all evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in its favor. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002).

When, as in this case, a party files a hybrid summary judgment motion on both no-evidence and traditional grounds, we generally first review the trial court's judgment under the no-evidence standard of review. Should we determine summary judgment was appropriate under the no-evidence standard, we need not address issues related to the traditional summary judgment motion. However, if the court is required to affirm the trial court's ruling on traditional grounds, then we only address the traditional grounds. *Regency Dev. & Constr. Services, LLC v. Carrington*, No. 05-18-00564-CV, 2019 WL 4051831, at *3–4 (Tex. App.—Dallas Aug. 28, 2019, no pet.) (internal citations omitted).

## ANALYSIS

Harry Hines brings two issues on appeal. First, Harry Hines contends the trial court erred by granting judgment in favor of Pawn TX on Harry Hines's breach of contract claim because Harry Hines established that Pawn TX did not vacate the Property at the end of the Lease term. Second, Harry Hines argues the trial court erred by granting summary judgment for Pawn TX on its counterclaim because

Harry Hines was entitled to retain the security deposit and apply it to the holdover rent owed by Pawn TX.

We conclude the judgment should be affirmed. Pawn TX presented conclusive evidence that it surrendered possession of the premises at the end of the lease term and Harry Hines did not return the security deposit or provide an accounting of the deposit. Harry Hines presented no evidence to rebut Pawn TX's evidence, and Harry Hines presented no evidence that its refusal to return Pawn TX's security deposit was reasonable. We will address each appellate issue in turn.

## I.      Dismissal of Harry Hines's breach of contract claim

The overarching question here is whether Pawn TX surrendered the premises at the end of the lease term or remained in possession of the premises and became a holdover tenant. Pawn TX presented conclusive evidence that it surrendered the premises on May 31, 2018, which was the end of the lease term. That evidence consisted of a statement in Mike McCollum's declaration that "Pawn TX successfully met the key dates for the relocation and vacated and surrendered the Former Premises to Harry Hines on May 31, 2018."

Harry Hines presented no competent summary judgment evidence to rebut McCollum's statement. Harry Hines relied solely on the Daredia affidavit in opposition to the motions for summary judgment. Daredia did not, however, present any evidence concerning when Pawn TX vacated and surrendered the premises. He merely made the following conclusory statement: "On expiration of the lease term,

Pawn TX, Inc. failed to vacate the premises and remained in possession of the Property for an additional two (2) months." That statement is conclusory and constitutes no evidence. *See Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.—Dallas 2008, no pet.) (conclusory statements in affidavits are not competent evidence to support a summary judgment because they are not credible or susceptible to being readily controverted.); *see also Saronikos, Inc. v. City of Dallas*, 285 S.W.3d 512, 516 (Tex. App.—Dallas 2009, no pet.) (a conclusory statement is one that does not provide the underlying facts to support the conclusion).

Further, McCollum provided additional testimony supporting his statement that Pawn TX surrendered possession of the premises at the end of the lease term. He explained in the declaration that during May 2018, Pawn TX gutted the showroom of the Property, moved inventory and all pawns to the New Property, pulled down fixtures and back racks at the premises, and surrendered the premises before May 31, 2018. He further stated Pawn TX's last pawn was made at the premises on May 30, 2018. Harry Hines presented no evidence to rebut this testimony.

On appeal, Harry Hines argues that Pawn TX was required to take affirmative steps to notify Harry Hines that Pawn TX had surrendered the premises. Harry Hines further contends Pawn TX was required to return the keys to Harry Hines and provide notice of the surrender of the premises. We disagree. The Lease Agreement defines the lease term as:

> Lease term: Commencing on the commencement Date and ending 60 months after the Commencement Date, plus any partial calendar month following the Commencement date. Plus 2 (Two) Consecutive options of Five years each.

The Lease does not contain an automatic renewal clause and, therefore created a tenancy for a definite term (i.e., a tenancy with a specified beginning and ending date). *See Bockelmann v. Marynick*, 788 S.W.2d 569, 571 (Tex. 1990). "The general rule is that a tenancy for a definite term does not require a tenant to give notice in order to terminate the tenancy, because a tenancy for a definite term simply expires at the end of the contract period." *Id.*; *Carrasco v. Stewart*, 224 S.W.3d 363, 368 (Tex. App.—El Paso 2006, no pet.) ("A tenancy for a definite term does not require a tenant to give notice in order to terminate the tenancy because such a tenancy simply expires at the end of the contract period."); *Four Bros. Boat Works, Inc. v. S & SF, Inc.*, 55 S.W.3d 12, 16 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) ("A tenancy for a definite term expires at the end of the contract period."); *Brand v. Degrate-Greer*, No. 02-15-00397-CV, 2017 WL 1756542, at *4 (Tex. App.—Fort Worth May 4, 2017, no pet.) (same). The Lease, therefore, terminated no later than the date specified in 2013 amendment to the Lease, which was May 31, 2018. *See Bockelmann*, 788 S.W.2d at 571.

Similarly, the Lease did not contain a provision for automatic renewal if the tenant did not provide notice of termination. The tenancy created under the Lease thus terminated regardless of notice. *See Bockelmann*, 788 S.W.2d at 571. The

–11–

Lease, therefore, ended no later than the date specified in 2013 amendment to the Lease, which was May 31, 2018. *See id.*

The fact that the Lease contained two options to extend the lease term by five years does not change this analysis. Generally, options to renew the lease for an additional term must be exercised strictly according to the option provisions. *Hush Puppy of Longview, Inc. v. Cargill Interests, Ltd.*, 843 S.W.2d 120, 122 (Tex. App.—Texarkana 1992, no writ). It is undisputed Pawn TX did not exercise the option to renew the lease a second time. Thus, the tenancy expired on May 31, 2018. *See Carrasco*, 224 S.W.3d at 368 (tenancy expired at end of stated term where it was undisputed the tenant did not exercise the option to renew the lease).

McCollum testified that Pawn TX vacated the Property before the term expiration date, and Harry Hines provided no competent summary judgment evidence to contradict McCollum.[1] Under this record, we conclude the Lease terminated on May 31, 2018, and Pawn TX had no obligation to provide Harry Hines notice of termination or notice that Pawn TX had vacated the Property. *See Brand*,

---

[1] On appeal, Harry Hines cites to an appendix to its opening brief that contains seventeen photographs of the Property that do not appear in the appellate or summary judgment record. We do not consider these documents because they are not part of the summary judgment record. Tex. R. Civ. P. 166a(c); *K-Six Television, Inc. v. Santiago*, 75 S.W.3d 91, 96–97 (Tex. App.—San Antonio 2002, no pet.) (appellate courts cannot consider documents attached to briefs that do not appear in the appellate record); *Hack v. Crocker*, No. 05-97-01418-CV, 2001 WL 337828, at *1 (Tex. App.—Dallas Apr. 9, 2001, no pet.) (holding the court must disregard any materials in appendices to the brief that are not part of the official record); *Till v. Thomas*, 10 S.W.3d 730, 733–34 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("This Court must hear and determine a case on the record as filed, and may not consider documents attached as exhibits to briefs.").

2017 WL 1756542, at *4 (tenant's testimony that tenant vacated premises before the end of the lease term was sufficient to establish the tenant did not holdover).

Harry Hines also asserts it was entitled to thirty days' notice of termination under section 91.001 of the property code. That provision of the property code, however, applies to monthly tenancies or a tenancy from month to month. TEX. PROP. CODE § 91.001. The Lease at issue here was a tenancy for a definite term. *See Bockelmann*, 788 S.W.2d at 571. Section 91.001 is, therefore, inapplicable here.

Pawn TX conclusively established it vacated the premises before the lease expiration date and, therefore, Pawn TX owed no holdover rent as a matter of law. Harry Hines failed to meet its burden of presenting evidence to raise a fact question concerning when Pawn TX surrendered the Property. We overrule the first issue.

II.      **Judgment on Pawn TX's Chapter 93 claim for bad faith withholding of the security deposit**

To obtain summary judgment on its counterclaim, Pawn TX had the burden to show there was no genuine issue of material fact and it was entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). Section 93.005(a) of the Texas Property Code places an obligation on commercial landlords to refund a tenant's security deposit:

> (a) The landlord shall refund the security deposit to the tenant not later than the 60th day after the date the tenant surrenders the premises and

provides notice to the landlord or the landlord's agent of the tenant's forwarding address under Section 93.009[2].

TEX. PROP. CODE § 93.005(a). It is undisputed that Pawn TX surrendered the premises on May 31, 2018, and transmitted its forwarding address for the purpose of refunding the deposit to Harry Hines on July 12, 2018. Harry Hines was obligated to refund the deposit by September 11, 2018, but failed to do so. *See* TEX. PROP. CODE § 93.005(a). The failure to return the deposit subjected Harry Hines to liability under Chapter 93, as set out in section 93.011:

> (a) A landlord who in bad faith retains a security deposit in violation of this chapter is liable for an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees incurred in a suit to recover the deposit after the period prescribed for returning the deposit expires.
>
> (b) A landlord who in bad faith does not provide a written description and itemized list of damages and charges in violation of this chapter:
>
>> (1) forfeits the right to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises; and
>>
>> (2) is liable for the tenant's reasonable attorney's fees in a suit to recover the deposit.
>
> (c) In a suit brought by a tenant under this chapter, the landlord has the burden of proving that the retention of any portion of the security deposit was reasonable.

---

[2] (a) The landlord is not obligated to return a tenant's security deposit or give the tenant a written description of damages and charges until the tenant gives the landlord a written statement of the tenant's forwarding address for the purpose of refunding the security deposit.

(b) The tenant does not forfeit the right to a refund of the security deposit or the right to receive a description of damages and charges for failing to give a forwarding address to the landlord.

TEX. PROP. CODE § 93.009

−14−

(d) A landlord who fails to return a security deposit or to provide a written description and itemized list of deductions on or before the 60th day after the date the tenant surrenders possession is presumed to have acted in bad faith.

TEX. PROP. CODE § 93.011.

Chapter 93, thus, establishes two distinct causes of action for a commercial tenant seeking the return of its security deposit. TEX. PROP. CODE § 93.011; *see EDG Prop. Mgmt., Inc. v. Ratnani*, 279 S.W.3d 905, 907 (Tex. App.—Dallas 2009, no pet.). The first cause of action involves the landlord's bad faith retention of the security deposit. TEX. PROP. CODE § 93.011(a). The second cause of action involves the landlord's bad faith failure to account for the security deposit. TEX. PROP. CODE § 93.011(b). If the tenant shows the landlord failed to timely provide a refund of the security deposit or an accounting, then it is presumed the landlord acted in bad faith. *Tunad Enters. Inc. v. Palma*, No. 05-19-00497-CV, 2020 WL 3410633, at *6 (Tex. App.—Dallas June 22, 2020, no pet.) (citing TEX. PROP. CODE § 93.011(d); *FP Stores, Inc. v. Tramontina US, Inc.*, 513 S.W.3d 684, 693 (Tex. App.—Houston [1st Dist.] 2016, pet. denied)). The landlord then has the burden to prove the retention of any portion of the security deposit was reasonable. TEX. PROP. CODE § 93.011(c).

Here, it is undisputed Harry Hines did not return the security deposit and did not provide an accounting for the security deposit. Further, as discussed above, the evidence conclusively showed that Pawn TX surrendered possession of the premises on May 31, 2018, and provided its forwarding address for purposes of recovering the deposit on July 12, 2018. The duty to refund the deposit and account for it was

triggered at that time. *See* TEX. PROP. CODE § 93.005(a). Harry Hines, however, did not fulfill its duty to refund or its obligation to provide a written description and itemized list of damages and charges. Under this record, we conclude Pawn TX raised the presumption that Harry Hines acted in bad faith by retaining the security deposit. *See* TEX. PROP. CODE § 93.011(d); *see also Tunad Enters. Inc.*, 2020 WL 3410633, at *6. The burden then shifted to Harry Hines to raise a genuine issue of material fact that its retention of the deposit was reasonable.

Harry Hines argues it acted in good faith and reasonably withheld the deposit because Pawn TX owed rent at the time the lease terminated and, therefore, Harry Hines was not required to refund or account for the security deposit under the statute. This argument is based on section 93.006 of the property code, which sets out when a landlord may retain a security deposit and the landlord's duty to provide a written accounting upon retaining all or part of the deposit. TEX. PROP. CODE § 93.006. Under that provision, "the landlord may deduct from the deposit damages and charges for which the tenant is legally liable under the lease or damages and charges that result from a breach of the lease." TEX. PROP. CODE § 93.006(a). If the landlord retains all or part of a security deposit, however, the landlord is required to give the tenant any balance of the deposition and "a written description and itemized list of all deductions." TEX. PROP. CODE § 93.006(c). A commercial landlord is not required to provide the tenant with a written description and itemized list of all deductions if "the tenant owes rent when the tenant surrenders possession of the premises." TEX.

PROP. CODE § 93.006(c)(1). That exception does not apply here, however, because the evidence conclusively established that Pawn TX's rent was paid in full at the end of the lease, and additional holdover fees were not incurred.

Under this record, we conclude Harry Hines failed to meet its burden to raise a genuine issue of material fact as to whether its retention of the security deposit was reasonable. The trial court, therefore, did not err by granting summary judgment for Pawn TX on its Chapter 93 counterclaim. We overrule the second issue.

## CONCLUSION

Pawn TX conclusively established it relinquished possession of the Property on May 31, 2018, and Harry Hines did not return Pawn TX's security deposit or provide an accounting for the deposit. Harry Hines failed to present evidence to raise a genuine issue of material fact concerning when Pawn TX vacated the Property or to establish its retention of the security deposit was reasonable. The trial court, therefore, did not err by granting summary judgment for Pawn TX. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210778F.P05

–17–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HARRY HINES MILLENNIUM
MARKET PLACE, LLC, Appellant

No. 05-21-00778-CV      V.

PAWN TX, INC. F/K/A FIRST
CASH, LTD., Appellee

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-02585.
Opinion delivered by Justice Partida-
Kipness. Justices Molberg and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee PAWN TX, INC. F/K/A FIRST CASH, LTD. recover its costs of this appeal from appellant HARRY HINES MILLENNIUM MARKET PLACE, LLC.

Judgment entered this 28th day of February 2023.